522-09/MFM
FREEHILL, HOGAN & MAHAR, LLP
Attorneys for Defendant
80 Pine Street
New York, New York 10005
Phone: (212) 425-1900
Fax: (212) 425-1901
Mark F. Muller

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

DIANE BROZYNA and ZYGMONT BROZYNA
77 Queens Drive
West Seneca, NY 13224

     Plaintiffs,

- against -

NIAGARA GORGE JETBOATING, LTD.,
61 Melville Street
Niagara on the Lake, Ontario, Canada L0S 1J0

     Defendant.

10 CIV. 602-A (RJA)

**AFFIDAVIT OF**
**CHRISTOPHER CONNELL**

STATE OF NEW YORK )
        ) SS:
COUNTY OF MONROE )

Christopher Connell, being duly sworn deposes and says:

I live at 10 High Point Drive, Spencerport, New York, 14559. Along with my wife, Susan Connell, I was a passenger aboard the jet boat SAUTE MOTIONS 17 on August 5, 2009. I was on board the jet boat, when an older woman with blond hair, sitting in the front row was injured. I recall the women got hurt when the jet boat was going through the rapids. No wake from another jet boat caused or

contributed to her accident.

Prior to boarding the jet boat, passengers with neck, back and heart conditions were discouraged from participating during the safety briefing. I specifically recall this warning being repeated several times. Passengers were briefed in a staging area while seated in bleachers. I recall that the briefing lasted approximately 10 minutes and was provided by a male who was very thorough and clear. This was not my first jet boat ride. I had previously received a briefing on the Canadian side of Niagara Falls. Without question, the briefing received on August 5, 2009 was notably better. During the briefing, it was made very clear that the ride was not risk free and the jet boat would be bumped and jolted. All passengers were well aware that the jet boat would go through Class 5 rapids. Passengers were also cautioned that the first three rows were the roughest section of the jet boat. During the briefing, we were instructed how to position our back, hands and feet. Overall, I was very impressed with the briefing.

Before the briefing, we had to complete a participation agreement. Passengers were not rushed to complete the agreement and I recall that a few employees were available to answer any questions as needed. I recall signing the agreement near the ticketing office. Inside the ticketing office, a continuous promotional video was being played on several television screens, showing the jet boats going through very rough rapids.

When we boarded the SAUTE MOTIONS 17, our Trip Leader repeated the prior warnings and instructions and specifically cautioned passengers about sitting

in the first three rows. I recall our Trip leader was a woman named Erin. Prior to getting underway, passengers had ample opportunity to change seats.

I would disagree with anyone, including the injured passenger, who believes that the briefings and instructions received on August 5, 2009, were inadequate.

*Christopher Connell*
Christopher Connell

Sworn to before me this

22 day of November, 2010

*Julie A. Maye*
NOTARY PUBLIC

JULIE A. MAYE
Notary Public, State of New York
No. 01MA6119874
Qualified in Monroe County
Commission Expires Dec. 6, 2012