UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

DIANE BROZYNA and ZYGMONT BROZYNA,

**DECISION AND ORDER**

                   Plaintiffs,

10-CV-00602(A)(M)

v.

NIAGARA GORGE JETBOATING, LTD.,

                   Defendant.

_____

       This action has been referred to me by Hon. Richard J. Arcara for supervision of

pretrial proceedings [6].[1]  Before me are plaintiffs' motions to compel discovery [15] and to

extend the discovery deadline [16].  For the following reasons, the motions are denied.


**BACKGROUND**

       This is an action for personal injuries allegedly sustained by plaintiff Diane

Brozyna on August 5, 2009, while a passenger on a vessel owned and operated by defendant.

Complaint [1-2].  Following a Rule 16 conference with counsel on August 30, 2010, I entered a

Case Management Order ("CMO") [9] requiring all fact depositions to be completed by

November 10, 2010, and all discovery to be completed by February 1, 2011. Id., ¶¶7, 9. The

CMO further provided that "no extension of the above cutoff dates will be granted except upon

written application, filed prior to the cutoff date, showing good cause for the exetension".

       Plaintiffs served a Notice to Produce dated August 13, 2010,  requesting a variety

of documents.  However, the parties' current dispute centers on plaintiffs' request for "any

_____

[1]      Bracketed references are to CM-ECF docket entries.

notices of claim/lawsuits involving all jet boats operated by the Defendant for a period of the past

five . . . years to date." Jasen Affirmation [15-1], Ex. A, ¶4. On or about August 18, 2010,

defendant objected to this request, except agreed to produce records limited to the vessel upon

which plaintiff was injured dating back three years from the alleged accident. Muller Affidavit

[26], Ex. C, ¶4.

Plaintiffs served a  Second Notice to Produce, dated August 24, 2010, slightly

modifying their earlier request by demanding any notices of claim or lawsuits "for five . . . years

up to and including August 5, 2009, for claims for personal injuries arising out of the use or

operation of all jet boats." Id., Ex. E, ¶1. On or about September 15, 2010, defendant repeated its

earlier objection to this request, but  responded that there were no notices of claim or lawsuits

involving the subject vessel during the three-year period prior to the alleged accident. Id., Ex. D,

¶4.

On January 26, 2011, plaintiffs served a Third Notice to Produce (incorrectly

captioned as the Second Notice to Produce), repeating their earlier requests for all notices of

claim and lawsuits for the five-year period preceding the alleged accident, and also requesting

any "incident report, Police Report, [and] government report" for the same five-year period. Id.,

Ex. F, ¶¶1 and 2.  Defendant served a response dated January 28, 2011, reiterating its earlier

objections, and also noting that the request was untimely under the CMO. Id., Ex. G.

By letter dated February 3, 2011 (two days after the CMO's deadline for

completion of all discovery), plaintiff requested a discovery conference with the court and

noticed the deposition of John Wark, a witness and employee of defendant. Id., Ex. H.  Since the

discovery deadline had by that time expired, my chambers advised plaintiffs' counsel by e-mail

that the issue would need to be addressed by motion rather than informally. These motions

ensued.[2]

## ANALYSIS

### A.      Motion to Extend the Discovery Deadline

Plaintiff "requests an extension of the discovery deadline to complete all

discovery 45 days following . . . resolution of the Plaintiffs' Motion to Compel." Jasen

Affirmation [16-1], ¶5.  Defendant objects to this motion on timeliness grounds.  Muller

Affidavit [26], p. 3.

The CMO clearly required motions for extension of its deadlines to be filed prior

to expiration of the deadlines, and to show good cause for the extension. Plaintiffs have done

neither. Therefore, the motion is denied.

### B.      Motion to Compel

Plaintiffs challenge the validity of defendant's objections to their discovery

demands, and seek to compel the deposition of Mr. Wark.  Jasen Affirmation [15-1], ¶¶10-11.

---

[2]      On February 11, 2011, defendant filed a timely motion for summary judgment [18]. A briefing schedule on that motion has been deferred pending resolution of these motions [28].

Defendant objects to plaintiffs' motion as being untimely. Muller Affidavit [26], p. 3.[3] Again, I agree with defendant.

Plaintiffs' motion was not filed prior to the February 1, 2011 discovery cut-off. Plaintiffs' offer no explanation for their failure to timely move, despite being aware of defendant's objection to the request for approximately six months, nor do they argue that they only recently became aware of the need to depose Mr. Wark. Therefore, plaintiffs' motion is denied. "The Court will not compel discovery after such a deadline, particularly where, as here, plaintiff's counsel knew of the witnesses and the arguable need for their testimony well in advance of the deadline." Slomiak v. Bear Stearns & Co., 1985 WL 410, *1 (S.D.N.Y. 1985).

**CONCLUSION**

For these reasons, plaintiffs' motions to compel additional discovery [15] and for an extension of the CMO deadlines [16] are denied.

**SO ORDERED**.

Dated: March 30, 2011

/s/ Jeremiah J. McCarthy
JEREMIAH J. MCCARTHY
United States Magistrate Judge

---

[3]     Alternatively, defendant argues that no additional discovery is necessary because it is undisputed that plaintiff signed a Participation Agreement, which acts as a valid and enforceable waiver and release under federal maritime law as set forth in its motion for summary judgment. Muller Affidavit [26], p. 2. I need not reach this argument, and express no opinion at this time as to its merit, which will be addressed in connection with defendant's summary judgment motion.